IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>S3 COFFEE ESCONDIDO, INC.; RICHARD W. HUNT; and DIANE T. HUNT,<br><br>　　　　　Defendants | Case No. **'25CV3100 LL    BLM**<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

JAMES ALGER ("Plaintiff") complains of S3 COFFEE ESCONDIDO, INC.; RICHARD W. HUNT; and DIANE T. HUNT ("Defendants") as follows:

## SUMMARY

1. This is a civil rights action by plaintiff JAMES ALGER ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as S3 Coffee Escondido, located at 348 E Grand Ave, Escondido, CA 92025 (hereafter, "S3 Coffee").

2. Plaintiff's claims arise out of his visit to S3 Coffee in October 2025. Plaintiff seeks injunctive relief, damages, attorney fees, costs, and litigation expense against Defendants S3 COFFEE ESCONDIDO, INC.; RICHARD W. HUNT; and DIANE T. HUNT, the owners and/or operators of S3 Coffee, pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.), the Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.), and the California Disabled Persons Act (Cal. Civ. Code § 54, et seq.).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled Persons Act.

4. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a qualified individual

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

with a physical disability as defined by 42 U.S.C. § 12102, Cal. Civ. Code §§ 51, et. seq., 52, et. seq., the California Disabled Persons Act, §§ 54, et seq., California Government Code §§ 12926, 12926.1, 11135, and other statutory measured which refer to the protection of the rights of "physically disabled persons." At all relevant times to this Complaint, Plaintiff is and was substantially limited in his ability to walk due to progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which substantially limits major life activities such as walking and performing tasks that require fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility.

6. Upon information and belief, Defendants COFFEE ESCONDIDO, INC.; RICHARD W. HUNT; and DIANE T. HUNT are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at S3 Coffee Escondido, located at 348 E Grand Ave, Escondido, CA 92025.

7. Plaintiff is informed and believes and thereon alleges that the subject facilities have been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with federal and California access standards applied at the time of each such new construction and/or alteration.

8. The business is a "public accommodation," business establishment," and "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., and the ADA, 42 U.S.C. §12101, et seq.

9. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

1  performed all acts and omissions stated here within the scope of such agency or
2  employment or representative capacity, and/or as part of a joint venture and
3  common enterprise with one or more of the other Defendants, and are responsible
4  in some manner for the acts and omissions of the other Defendants in proximately
5  causing the injuries complained of here. All actions alleged here were done with
6  the knowledge, consent, approval, and ratification of each of Defendants here,
7  including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

9      10.    S3 Coffee is a facility open to the public, a place of public
10 accommodation, and a business establishment. It is subject to the requirement of
11 § 301(7) of the ADA (42 U.S.C. § 12181(7) and California Civil Code §§51, 51.5
12 and 54, et seq.
13     11.    In October 2025, Plaintiff stopped at S3 Coffee in Escondido as part
14 of a multi-day weekend trip to the area. He is an annual member of the San Diego
15 Zoo, and that membership includes entry to both the main zoo and the Safari Park
16 in Escondido. Plaintiff's plan for the day was to grab some coffee and breakfast
17 before heading to the Safari Park once the temperature warmed up. Plaintiff heard
18 that S3 Coffee was offering a special seasonal coffee actually served inside a
19 pumpkin, which sounded pretty unique, and that their hot chocolate was second to
20 none. It seemed like a fun way to start the morning, maybe followed by shopping
21 nearby, if any of the stores were open.
22     12.    When Plaintiff arrived, the first thing he noticed was the entrance
23 ramp. It was too steep to navigate with ease. Once he got inside, Plaintiff saw that
24 the counter was completely inaccessible to him. It was so high that Plaintiff could
25 not comfortably reach it to place or pay for his order.
26     13.    Plaintiff did end up purchasing the pumpkin coffee he had heard
27 about, as well as a hot chocolate. Later, when Plaintiff tried to use the restroom, he

was initially relieved to see that it was quite large. Unfortunately, it was missing almost all the basic ADA-required features: no grab bars, no coverings over exposed drains, and essentially nothing that would allow a safe transfer. Without the grab bars, it was not usable for Plaintiff, so he left.

14. The wrongful conduct of Defendants, did cause irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the 1991 and/or 2010 ADA Standards for Accessible Design and/or California Title 24 Building code requirements, and/or other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of said barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 and other similar rules, ordinances, regulations, statutes, and requirements, either then, now, or in the future.

15. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

    15.1. Front door has a sloped landing on pull side
    15.2. Front door does not have 24x60" clearance at pull side
    15.3. Front door has closing speed faster than 5 seconds
    15.4. Front door pressure to operate over 5 LBS
    15.5. No Lower Counter seating area
    15.6. Order counter higher than 34"
    15.7. No Grab bars at restroom

15.8. In the restroom, seat cover dispenser does not have 30x48 clear space in front of it

15.9. In the restroom, seat cover placed higher than 40"

15.10. In the restroom, toilet paper dispenser is placed high

15.11. In the restroom, towel dispenser higher than 40"

15.12. In the restroom, pipes under sink are not insulated

15.13. In the restroom, mirror lower edge is over 40"

15.14. In the restroom, space between sink and WC occupied by garbage can

15.15. ADA parking does not provide access aisle 8' wide

15.16. ADA parking is not 18' deep

15.17. Ramp slope between access aisle and rear entrance is over 8.33%

15.18. Rear entrance does not provide 24x60" clear space at pull side

15.19. Rear entrance has threshold over 1/2"

15.20. Rear entrance has threshold not beveled at 50%

15.21. No sign at latch side of ADA restroom

15.22. ADA restroom coat hanger over 48"

15.23. ADA restroom lock requires pinching and twisting

15.24. No 5% accessible seating at exterior tables

15.25. Counter on restroom path of travel projects and reduces the width of the path of travel

16. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

17. Plaintiff is deterred from returning to the S3 Coffee as long as it remains inaccessible to him. He will return to dine at S3 Coffee if it is made

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

accessible.

# FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 et seq.]

**(Against all Defendants and each of them)**

18. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

19. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

20. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

21. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

   b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity

    can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

d. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable. 42 U.S.C. § 12183(a)(1).

e. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. Plaintiff alleges on information and belief that S3 Coffee was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Irrespective of S3 Coffee's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

24. Here, Defendants violated the ADA by designing or constructing (or

both) the S3 Coffee in a manner that did not comply with federal disability access standards even though it was practicable to do so.

25. Moreover, 28 CFR § 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by failing to ensure that the accessible features at S3 Coffee are adequately maintained.

26. Regardless of the construction and alteration history of the subject premises, the removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA. Plaintiff is informed and believes, and on such information alleges that all of the barriers identified at S3 Coffee are readily achievable to remove because they involve simple, low-cost modifications that do not require major construction. Features like adjusting door pressure, adding grab bars, lowering counters, and re-striping parking spaces can be corrected with minimal effort and expense. The cost of these improvements is far outweighed by the significant benefit of providing equal access to customers with disabilities. The Department of Justice presumes that many of these types of barriers are readily achievable to remove. These changes are routine accessibility measures that most public businesses are expected to maintain. Therefore, barrier removal at S3 Coffee is both feasible and required under the ADA.

27. Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

### (Against all Defendants and each of them)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

29. The S3 Coffee is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

30. Defendants are the owners and/or operators of a business establishment.

31. Defendants violated the Unruh Act by their acts and omissions:
   a. Failure to construct or alter the S3 Coffee in compliance with state building code and state architectural requirements ("CBC");
   b. Failure to remove known barriers to access at the S3 Coffee;
   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the S3 Coffee;
   d. Failure to maintain accessible features in violation of CBC 11B-108;
   e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

32. Plaintiff has experienced barriers to access at the S3 Coffee, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code

§ 55.56(c). Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

33. On information and belief, the S3 Coffee is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

34. These barriers to access render the S3 Coffee inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

35. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

36. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the S3 Coffee. Defendants' discriminatory practices and policies that deny full enjoyment of S3 Coffee to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

37. On information and belief, the access features of the S3 Coffee have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so

long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

38. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

39. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CAUSE OF ACTION:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]
### (Against all Defendants and each of them)

40. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

41. The S3 Coffee is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

42. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets,

highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civil Code § 54.

43. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).

44. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, Cal. Civil Code § 54.1(d).

45. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

   a. Failure to construct or alter the S3 Coffee in compliance with the CBC;
   b. Failure to remove known barriers to access at the S3 Coffee;
   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the S3 Coffee;
   d. Failure to maintain accessible features in violation of CBC 11B-108; and
   e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

46. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

### (Against all Defendants and each of them)

47. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

48. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

50. On information and belief, portions of S3 Coffee and/or of the

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

building(s) were constructed and/or altered after July 1, 1970, and substantial portions of S3 Coffee and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring S3 Coffee to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of S3 Coffee and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

53. S3 Coffee is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

54. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the S3 Coffee to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the S3 Coffee in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   
   b. To provide reasonable accommodation for persons with disabilities at the S3 Coffee;
   
   c. To ensure that persons with disabilities are not denied equal benefits at the S3 Coffee;
   
   d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without

|     |     |
| --- | --- |
| 1   | limitation, the removal of all barriers to access where "readily |
| 2   | achievable;" |
| 3   | e. To maintain such accessible facilities once they are provided; |
| 4   | f. To train Defendants' employees and agents in how to |
| 5   | accommodate the rights and needs of physically disabled persons |
| 6   | at the S3 Coffee; and |
| 7   | g. To implement nondiscriminatory protocols, policies, and practices |
| 8   | for accommodating persons with mobility disabilities at the S3 |
| 9   | Coffee. |

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

17

Date: November 11, 2025                    ALLACCESS LAW GROUP

                                                              */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: November 11, 2025                    ALLACCESS LAW GROUP

                                                              */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER